UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY CARNEY,

       Plaintiff,

v.

Case No. 1:05-CV-252
Hon. Gordon J. Quist

JOHN CHRISTIANSEN,
WILLIE O. SMITH, LEE GILMAN,
UNKNOWN VISSER, DAMIEN S. FISHER,
GARFIELD W. HOOD, MIKE OLSON
GLEN VOS and DEBRA GIVENS,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. One defendant in this action is Garfield W. Hood, Chief Circuit Judge in the Baraga Circuit Court (12th Circuit Court). This matter is before the court on Judge Hood's motion to dismiss pursuant to Fed. Rules Civ. Proc. 12(b)(1), (2) and (6) (docket no. 18).

       **I.**    **BACKGROUND**

Plaintiff sets forth the following allegations relevant to his claim against Judge Hood. Plaintiff filed a civil action in the Michigan Court of Claims (30th Circuit Court) in Ingham County seeking $120 reimbursement for a coat which was lost during his incarceration at the Ionia Correctional Facility. *See Carney v. Michigan Department of Corrections*, Mich. Ct. Claims, No. 03-154-MP (Opinion and Order 3/9/04) attached to Amend. Compl. as Exh. 1. This action was dismissed for failure to comply with a state procedural rule, MCL § 600.5507(2), which required

plaintiff to disclose the number of civil actions and appeals that he had previously initiated. Amend. Compl. at ¶¶ 120-21. Plaintiff attempted to re-file his suit in the Ingham Circuit Court (30th Circuit Court), but his pleadings were returned because he owed the outstanding fees and costs pursuant to MCL § 600.2963(8). Amend. Compl. at ¶¶ 122-23. MCL § 600.2963(8) provides that "[a] prisoner who has failed to pay outstanding fees and costs as required under this section shall not commence a new civil action or appeal until the outstanding fees and costs have been paid."

Some months later, plaintiff attempted to file a "judicial review petition" in the Ingham Circuit Court contesting a major misconduct ticket. *Id.* at ¶ 124. In a letter dated November 12, 2004, defendant Damien Fisher (identified as a "court officer" at the Ingham Circuit Court), returned plaintiff's pleadings with the following explanation:

> I have received your pleadings date stamped "received" July 6, 2004. I understand you are claiming indigence and wish to file a Petition for Judicial Review. Please be advised that as a prisoner your indigent status is strictly defined by law. MCL 600.2963(8) prohibits you from claiming indigent status to file a new civil action because you currently owe this circuit court $93.97 in fees and costs arising from a previous case no. 03-000154-MP.

Fisher Letter (11/12/04) attached to Amend. Compl. as Exh. 2.

Plaintiff then attempted to file his petition in the Baraga Circuit Court. Amend. Compl. at ¶ 125. *Id.* In an order denying plaintiff's motion for waiver of fees, Judge Hood stated as follows:

> The instant action filed by Petitioner is essentially the same action as Petitioner attempted to file in the 30th Judicial Circuit Court earlier this year. That Court refused to accept Petitioner's pleadings because,
>
>> "MCL 600.2963(8) prohibits you from claiming indigent status to file a new civil action because you currently owe this Circuit Court (the 30th Circuit Court) ninety-three dollars and ninety-seven cents in fees and costs arising from a previous case # 03-000154-MP."

2

> Petitioner will not be permitted to leave unsatisfied his financial obligations to another Circuit Court and simply switch forums to file in this Circuit Court.
>
> Accordingly, until such time as Petitioner has satisfied his financial obligations to the 30th Circuit Court in full he will not be granted indigent status in this Court, and his pleading will only be accepted for filing upon payment of the full filing fee. Upon a demonstration that his obligations to the 30th Circuit Court have been satisfied, his request for indigent status in this Court will be reconsidered.

Order (12/20/04) attached to Amend. Compl. as Exh. 3.

Plaintiff alleges that he is now prevented from filing a lawsuit in any Michigan Court. Amend. Compl. at ¶ 126. In Count II of his Amended Complaint, plaintiff alleges that Judge Hood "did willfully and knowingly deny plaintiff access to the court solely due to poverty based on a statute [§ 2963(8)] which is unconstitutional on its face and [as] applied." *Id.* at ¶ 139. In Count III, plaintiff alleges that Judge Hood deprived him of procedural due process contrary to the First and Fourteenth Amendments. Plaintiff asks this court to declare §2963(8) unconstitutional "on its face and/or as applied," order the Ingham Circuit Court and the Baraga Circuit Court to accept his pleadings as filed, and to award him compensatory and punitive damages. *Id.* at p. 9.

## II. Discussion

### A. Judge Hood's motion to dismiss

Judge Hood seeks dismissal pursuant to Fed. Rules Civ. Proc. 12(b)(1) ("lack of jurisdiction over the subject matter"), 12(b)(2) ("lack of jurisdiction over the person") and 12(b)(6) ("failure to state a claim upon which relief can be granted").

3

### B. Subject matter jurisdiction and the *Rooker-Feldman* doctrine

#### 1. Standard of review

In determining whether the district court has subject matter jurisdiction of a claim under Rule 12(b)(1), the district court must assume that plaintiff's allegations are true and must construe the allegations in a light most favorable to him. *Little Traverse Bay Bands of Odawa Indians v. Great Spring Waters of America, Inc.*, 203 F.Supp.2d 853, 855 (W.D. Mich. 2002). "Relief is appropriate only if, after such construction, it is apparent to the district court that there is an absence of subject matter jurisdiction." *Id.*

#### 2. Application of *Rooker-Feldman* doctrine

The undersigned concludes that this court does not have subject matter jurisdiction of plaintiff's claims asserted against Judge Hood, because those claims are barred by the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S.462 (1983); *Rooker v. Fidelity Trust* Co., 263 U.S. 413 (1923). *Rooker* and *Feldman* "exhibit the limited circumstances in which [the Supreme Court's] appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, -- U.S. --, 125 S. Ct. 1517, 1526 (2005). In these two cases, "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Id.* Because § 1257 vests authority to review a state court's judgment solely in the United States Supreme Court, the district courts in *Rooker* and *Feldman* lacked subject-matter jurisdiction to review the state court judgment. *Id.*

Under the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). *See Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002) (the *Rooker-Feldman* doctrine establishes that "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings").

The Sixth Circuit has recognized two elements to a *Rooker-Feldman* analysis. *See, e.g., Tropf v. Fidelity National Title Insurance Company*, 289 F.3d 929, 937 (6th Cir. 2002). First, for the *Rooker-Feldman* doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Tropf*, 289 F. 3d at 937; *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id. See also, Executive Arts v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (a federal claim is "inextricably intertwined" with a state court judgment for purposes of the *Rooker-Feldman* doctrine, when the federal claim succeeds only to the extent that the state court wrongly decided the issues before it)

"Second, the *Rooker-Feldman* doctrine precludes federal court jurisdiction where the claim is a specific grievance that the law was invalidly -- even unconstitutionally -- applied in the plaintiff's particular case." *Tropf*, 289 F.3d at 937 (internal quotations omitted). However, the *Rooker-Feldman* doctrine does not bar a federal district court's jurisdiction where the claim is a

5

general challenge to the constitutionality of the state law applied in the state action. *Id.  See also Howard v. Whitbeck*, 382 F.3d 633, 640 (6th Cir. 2004);  *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-10 (6th Cir. 2000).

In the present case, Judge Hood denied plaintiff's motion in the Baraga Circuit Court. Plaintiff responded to this adverse ruling by filing the present suit in federal district court, in which he complains of injuries caused by the judge's ruling and seeks review and rejection of the judge's order. Nothing in the record indicates that plaintiff appealed Judge Hood's order to the Michigan Court of Appeals.  Rather, he chose to contest Judge Hood's decision in a separate federal district court action.  Plaintiff's claim is inextricably intertwined with  the state court's order and exactly the type of appellate review barred by the *Rooker-Feldman* doctrine. Accordingly, the court lacks subject matter  jurisdiction over plaintiff's claims asserted against Judge Hood.

### 3.     **Constitutional challenge**

Next, plaintiff contends that his suit is not barred by the *Rooker-Feldman* doctrine because he is challenging the constitutionality of § 2963(8). Plaintiff seeks a declaration that § 2963(8) is unconstitutional "on its face and/or as applied" by Judge Hood.

A federal court "has no jurisdiction to pronounce any statute, either of a State or of the United States, void, because irreconciliable with the Constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies." *United States v. Raines*, 362 U.S. 17, 21 (1960). In exercising its jurisdiction to pronounce a statute unconstitutional,  a federal court must rigidly adhere to two rules: "one, never to anticipate a question of constitutional law in advance of the necessity of deciding it; the other never to formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied." *Id.* (internal quotations omitted).

Plaintiff's amended complaint seeks a declaration that § 2963(8) is unconstitutional as applied to him (an as-applied challenge) and unconstitutional on its face (i.e., a facial or general challenge). The Sixth Circuit explained the differences between these two types of challenges in *Women's Medical Professional Corp. v. Voinovich*, 130 F.3d 187 (6th Cir.1997):

> A court may hold a statute unconstitutional either because it is invalid on its face or because it is unconstitutional as applied to a particular set of circumstances. Each holding carries an important difference in terms of outcome: If a statute is unconstitutional as applied, the State may continue to enforce the statute in different circumstances where it is not unconstitutional, but if a statute is unconstitutional on its face, the State may not enforce the statute under any circumstances. Traditionally, a plaintiff's burden in an as-applied challenge is different from that in a facial challenge. In an as-applied challenge, the plaintiff contends that application of the statute in the particular context in which he has acted, or in which he proposes to act, would be unconstitutional. Therefore, the constitutional inquiry in an as-applied challenge is limited to the plaintiff's particular situation.

*Women's Medical Professional Corp.*, 130 F.3d at 193 (citations and internal quotations omitted). On the other hand, a plaintiff making a facial challenge to a statute "must establish that no set of circumstances exists under which the [statute] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987).

### a. Plaintiff's claim that § 2963(8) is unconstitutional as applied by Judge Hood to his circumstances

Here, Judge Hood entered an order denying plaintiff's motion for waiver of fees when plaintiff attempted to file a petition for judicial review in the Baraga Circuit Court. Plaintiff's amended complaint challenges Judge Hood's application of Michigan state law to plaintiff's unique factual situation, which involves three separate lawsuits: (1) plaintiff's suit dismissed from the Ingham Circuit Court on March 9, 2004; (2) plaintiff's second suit rejected by the Ingham Circuit Court on November 12, 2004 for failure to pay outstanding fees and costs; and (3) plaintiff's third

suit, filed in Baraga County, in which Judge Hood denied his motion for waiver of fees on December 20, 2004. Because Judge Hood's order was based upon plaintiff's failure to comply with § 2963(8), the application of the statute, as well as its constitutionality, was "inextricably intertwined" with the judge's ruling. Federal district courts "do not have jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. Only the United States Supreme Court can review such decisions under 28 U.S.C. § 1257. *Id.* Accordingly, this court does not have subject matter jurisdiction of plaintiff's "as-applied" challenge to § 2963(8).

### b. Plaintiff's claim that § 2963(8) is unconstitutional on its face

Plaintiff's amended complaint also seeks to have § 2963(8) declared unconstitutional on its face. A federal district court has jurisdiction over a claim which makes a general or facial challenge to the constitutionality of a statute, provided that the challenge does not require the review of a final state court judgment in a particular case. *Feldman*, 460 U.S. at 486. In the present case, plaintiff seeks to have this court review and overrule Judge Hood's order denying his motion for waiver of fees. As previously discussed, plaintiff's constitutional challenge is inextricably intertwined with Judge Hood's order. Plaintiff cannot circumvent the *Rooker-Feldman* doctrine by simply characterizing his claim as a general constitutional challenge. Plaintiff's constitutional challenge requires the review of a final state court judgment. "The federal district courts will still lack subject matter jurisdiction over constitutional challenges to state rules and procedures, under the *Rooker-Feldman* doctrine, however, where the general constitutional challenge is 'inextricably intertwined' with state judicial proceedings." *Patmon*, 224 F.3d at 509-10.

In determining whether plaintiff's suit involves a general constitutional challenge, the court should look to the substance of the complaint. In *Musselwhite v. State Bar of Texas*, 32 F.3d 942 (5th Cir. 1994), the court rejected the plaintiff's attempt to circumvent *Feldman* through a bald assertion of a general constitutional challenge:

> [The plaintiff] couched some of his averments in the language of a general constitutional attack on the State Bar's scheme of disciplining attorneys. Merely using catch phrases, however, will not vest the federal district court with jurisdictional authority to entertain the action. This is about substance, not form. Instead, we must ascertain what the court really is being asked to review.

*Musselwhite*, 32 F.3d at 947.

The substance of plaintiff's complaint in the present case is that Judge Hood treated him unfairly. To remedy this situation, plaintiff asks this court to overrule Judge Hood's order by ordering the Baraga Circuit Court "to accept plaintiff's pleadings for filing." Amend. Compl. at p. 9. Plaintiff's request for specific relief from Judge Hood's order underscores the nature of his constitutional challenge as an as-applied challenge rather than a facial challenge, i.e., plaintiff is really asking this court to perform an appellate review of Judge Hood's order and grant him specific relief from that order. *See, e.g., Wilson v. Shumway*, 264 F.3d 120, 125 (1st Cir. 2001) (court rejected plaintiff's allegations as "an attempt to carve a general constitutional challenge out of his federal lawsuit in order to escape the jurisdictional bar of *Rooker-Felman*," where substance of plaintiff's constitutional claims "reference the personal circumstances of his case"); *Patmon*, 224 F. 3d at 510 (rejecting plaintiff's argument that he is making a general constitutional challenge to a state rule, when the core of his claim is that the state rule was unconstitutional as applied to him, and plaintiff's request for injunctive relief would require the federal court to review a prior state judicial determination); *Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72,76 (D.C. Cir. 1997)

(the core of a constitutional challenge must be independent of the judicial determination to avoid *Rooker-Feldman*); *Stern v. Nix*, 840 F.2d 208, 212-13 (3rd Cir. 1988) (in rejecting the "veneer" of a general constitutional challenge, the court noted that "the fact that [the plaintiff] also purports to act on behalf of other similarly situated attorneys . . . does not change the fact that he is essentially seeking reversal of his own judgment").

Plaintiff has not raised a true facial challenge to the statute. Accordingly, plaintiff's claims against Judge Hood should be dismissed for lack of subject-matter jurisdiction under *Rooker-Feldman*.

### C.    Judicial Immunity

Furthermore, Judge Hood is entitled to judicial immunity from damages. *Mireles v. Waco*, 502 U.S. 9, 9-11 (1991). A judge's immunity is overcome in only two situations: (1) nonjudicial actions (i.e., actions not taken in the judge's official capacity); and (2) judicial actions taken in the complete absence of all jurisdiction. *Id.* at 10-11. A judge will not be deprived of immunity because the action he took was in error or exceeded his authority. *Id.* at 12-13. "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Here, Judge Hood's order was a judicial action which fell within the scope of his authority as a state judge. *See Howard*, 382 F.3d at 641 (in rejecting the prisoner's motions to waive fees under § 2963 "the Michigan courts made judicial decisions that under state law they had discretion in making").

In addition, pursuant to 42 U.S.C. § 1983, "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *See*

10

*Massey v. Stosberg*, 136 Fed. Appx. 719, 720 (2005); *Montero v. Travis*, 171 F.3d 757, 761 (2nd Cir. 1999) (§ 1983 claim seeking injunctive relief against a judge fails where the plaintiff failed to allege the violation of a declaratory decree or the unavailability of declaratory relief).  Here, plaintiff's claims for injunctive relief are precluded by § 1983.

### III.     Recommendation

I respectfully recommend that Judge Hood's motion to dismiss (docket no. 18) be **GRANTED**.

Dated:  January 25, 2006            /s/ Hugh W. Brenneman, Jr.
                                    Hugh W. Brenneman, Jr.
                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).