UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEFFREY CARNEY,

        Plaintiff,

                                  Case No. 1:05-CV-252

v.

                                  HON. GORDON J. QUIST

JOHN CHRISTIANSEN,
WILLIE O. SMITH, LEE GILMAN,
UNKNOWN VISSER, DAMIEN S. FISHER,
GARFIELD W. HOOD, MIKE OLSON,
GLEN VOS, and DEBRA GIVENS,

        Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

      The Court has before it Plaintiff's objections to the Magistrate's Report and Recommendation issued January 25, 2006, in which the magistrate judge recommended that Defendant Judge Garfield Hood's motion to dismiss Plaintiff's complaint be granted because the *Rooker/Feldman* doctrine deprives the Court of subject matter jurisdiction to entertain Plaintiff's suit against Defendant Hood, and because the judicial immunity doctrine prevents Plaintiff from maintaining this suit against Defendant Hood. After conducting a *de novo* review of the magistrate's report and recommendation, the Court will adopt the report and recommendation as the opinion of the Court.

      Plaintiff filed a civil action in the 30th Circuit Court in Ingham county seeking $120 reimbursement for a coat that was lost during his incarceration at the Ionia Correctional Facility. This action was dismissed for Plaintiff's failure to comply with a state procedural rule, M.C.L. §

1

600.5507(2), which required Plaintiff to disclose the number of civil actions and appeals that he had previously initiated.  Plaintiff attempted to re-file his suit in the 30th Circuit Court, but his pleadings were returned, pursuant to M.C.L. § 600.2963(8), because he failed to pay the outstanding fees and costs he incurred in filing his original claim in the 30th Circuit Court.

Some months later, Plaintiff, claiming indigent status, attempted to file a "judicial review petition" in the 30th Circuit Court to contest a major misconduct ticket.  Plaintiff's pleadings were returned because M.C.L. § 600.2963(8) prohibits a prisoner from claiming indigent status when filing a civil action where the prisoner owes outstanding court fees and costs.  Plaintiff then attempted to file his "judicial review petition" in the Baraga Circuit Court, again claiming indigent status.  In an order denying Plaintiff's motion for waiver of fees, Judge Hood concluded that Plaintiff would not be permitted to circumvent his obligations pursuant to M.C.L. § 600.2963(8) to pay his outstanding courts fees to the 30th Circuit Court by simply switching forums to the Baraga Circuit Court.  Plaintiff did not appeal this order.  Instead, he filed an action in this federal district court, alleging that Judge Hood willfully and knowingly denied Plaintiff access to the court solely due to his poverty based on a statute that is unconstitutional on its face and as applied.  For relief, Plaintiff requests that this court declare the statute unconstitutional on its face and/or as applied, order the Ingham Circuit Court and Baraga Circuit Court to accept his pleadings as filed, and award him compensatory damages.

As accurately stated by the magistrate judge, the *Rooker-Feldman* doctrine prohibits lower federal courts below the United States Supreme Court from exercising "appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inextricably intertwined' with issues decided in state court proceedings." *Executive Arts Studio, Inc. v. City of Grand Rapids*,

391 F.3d 783, 793 (6th Cir. 2004) (citations omitted).  Recently, the Supreme Court explained that the *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp., v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517, 1521-22.

Plaintiff objects to the magistrate's application of the *Rooker-Feldman* doctrine, claiming that the doctrine does not apply to this case because he is not a "losing party" in state court.  "There is no way to lose a case when there was never a case," and that is why, Plaintiff explains, he "never sought relief in the Michigan Court of Appeals."  (Pl.'s Objs. to Mag.'s R&R at 4.)  Plaintiff asserts that his case is not about "an issue of whether the state court's 'ruling' on the merits is wrong, but that he was 'denied access to the state courts.'" (*Id*.)  Plaintiff is a losing party in state court because he received an adverse ruling from the Baraga Circuit Court on his request to claim indigent status in order to file his petition in that court.  Rather than seeking review of Judge Hood's order denying his motion for waiver of fees in the Michigan Court of Appeals, Plaintiff instead attempted to obtain relief against Judge Hood's order in a federal district court.  This, the *Rooker-Feldman* doctrine prohibits.

Next, Plaintiff objects to the magistrate's conclusion that the Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine to entertain Plaintiff's facial challenge to the constitutionality of M.C.L. § 600.2963(8).  The magistrate correctly noted that the *Rooker-Feldman* doctrine "does not prohibit federal district courts from exercising jurisdiction where the plaintiff's claim is merely 'a general challenge to the constitutionality of the state law applied in the state action,' rather than a challenge to the law's application in a particular case."  *Hood v. Keller*, 341

F.3d 593, 597 (6th Cir. 2003) (citations omitted).  To determine whether a federal court plaintiff's complaint seeks to set aside a state court judgment, or, whether, for instance, the complaint presents only a general challenge to the constitutionality of a state law, a court "must pay close attention to the relief sought by the federal-court plaintiff." *Id*. (citations omitted).  In this case, Plaintiff asks this court to overrule Judge Hood's order by ordering the Baraga Circuit Court to accept Plaintiff's pleadings for filing.  The magistrate judge properly recognized that Plaintiff's request evidences that he is seeking relief from an adverse state court ruling, rather than presenting a general constitutional challenge to a state statute.  *Compare Hood*, 341 F.3d at 597-600 (explaining that the *Rooker-Feldman* doctrine did not deprive a district court of subject matter jurisdiction where the plaintiff, who had been convicted of criminal trespass under a state statute for preaching on the state's capitol grounds without a permit, only sought declaratory relief prohibiting the defendants from enforcing the allegedly unconstitutional permit requirement so that he could preach on the state capitol grounds in the future unimpeded by the permit requirement, because he did not challenge or seek to overturn his criminal trespass conviction).

Finally, Plaintiff objects to the magistrate's conclusion that the judicial immunity doctrine precludes the maintenance of Plaintiff's suit against Judge Hood.  In his objections, Plaintiff simply argues that the doctrine does not apply because Judge Hood "acted in 'complete absence of jurisdiction' when he tried to enforce the administrative decision of a 'clerk' in another county." (Pl.'s Obj. Mag.'s R&R at 6.)  Patently, Judge Hood's decision denying Plaintiff's motion for waiver of fees was not made in the complete absence of jurisdiction, as he simply addressed a motion made to his court.  Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate's Report and Recommendation issued January 25, 2006, (docket no. 67), is **APPROVED AND ADOPTED** as the Opinion of this Court, and Defendant Judge Garfield Hood's motion to dismiss (docket no. 18) is **GRANTED**.

Dated:  March 28, 2006                                  _____/s/ Gordon J. Quist_____
                                                                                GORDON J. QUIST
                                                                    UNITED STATES DISTRICT JUDGE