UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JEFFREY CARNEY,

               Plaintiff

v.

JOHN CHRISTIANSEN, *et al.*,

               Defendants.

_____/

Case No. 1:05-CV-252

Hon. Gordon J. Quist


**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on a motion filed by defendants Christiansen, Smith, Vos, Givens and Olson pursuant to Fed. Rules Civ. Proc. 12(b)(6), which seeks dismissal under the "total exhaustion rule" announced in *Jones Bey v. Johnson*, 407 F.3d 801(6th Cir. 2005) (docket no. 46).

**I.      Introduction**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws.   *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996).  To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

## II.  Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e, provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.) (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999). The exhaustion requirement, while not jurisdictional, is mandatory and must be addressed in the first instance by the district court in all prisoner civil rights cases before the merits of the case are addressed. *See Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001); *Wyatt*, 193 F.3d at 879; *Brown*, 139 F.3d at 1104. Under the total exhaustion rule as announced in *Jones Bey*, "the PLRA requires a complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims." *Jones Bey*, 407 F.3d at 805.

Defendants have moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) for failure to exhaust his grievances. Under Fed. Rules Civ. Proc. 12(b)(6), a complaint may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998).

2

### III.    Procedural Background

In his original complaint, plaintiff named six defendants: John Christiansen, Willie O. Smith, Lee Gilman, Unknown Visser, Damien S. Fisher, and Judge Garfield W. Hood. *See* docket no. 1. Plaintiff filed an amended complaint on June 6, 2005, which added new claims and three new defendants: Mike Olson, Glen Vos and Debra Givens. *See* docket no. 7.

Plaintiff's amended complaint includes the following claims. First, plaintiff alleges that on October 13, 2002, defendant Christiansen confiscated 93 pages of photocopies of a book entitled "Sixth Circuit Cases" from plaintiff's room, wrote him a misconduct ticket and requested a library restriction for plaintiff for theft or possession of stolen property. Amend. compl. at ¶ 110. Defendants Visser and Smith approved this restriction. *Id.* at ¶ 111. Plaintiff does not contest the misconduct ticket for theft, stating that his claim of an the excessive or unjustified restriction does not imply the invalidity of the ticket. *Id.* Plaintiff alleges that he remained on this restriction from October 13, 2002 through June 7, 2004, when he was transferred from IMAX. *Id.* at ¶ 113. Plaintiff alleges that at an unspecified date, defendants Visser, Smith, Olson and Gilman "made this restriction permanent for plaintiff's first and only violation of this nature." *Id.* at ¶ 117. On October 30, 2002, plaintiff filed grievance ICF 02-11-2673-15 after being placed on "permanent lawbook restriction." *Id.* at ¶ 131. This grievance named defendants Smith, Visser and Christiansen. *See* grievance ICF 02-11-2673-15 attached to amend. compl.

Next, plaintiff alleges that the IMAX library did not carry the entire "600" series of Michigan Compiled Laws Annotated (MCLA). Amend. compl. at ¶ 118. Plaintiff claims that the library's failure to carry this series of statutes caused him (1) to fail to comply with MCL §

3

600.5507[1] (requiring prisoners claiming indigency to state the number of past civil actions in their civil rights complaints) which resulted in (2) the dismissal of a suit in Ingham Circuit Court, and (3) now barred him from filing future suits until he paid the costs of the dismissed suit pursuant to MCL § 600.2963(8). *Id.* at ¶¶ 118-26.

Next, plaintiff alleges that defendant Fisher, a court clerk with the Ingham Circuit Court, denied his petition for judicial review of another major misconduct ticket on November 12, 2004. Amend. compl. at ¶ 124. He alleges that defendant Fisher relied on MCL § 600.2963(8) to deny him access to the court. *Id.*

Next, plaintiff alleges that he attempted to file a judicial review petition in the Baraga Circuit Court, and that defendant Judge Hood would not let him file the petition because of the outstanding costs plaintiff owed to the Ingham Circuit Court. *Id.* at ¶ 125.

Next, plaintiff alleges that on January 5, 2004 he sent a kite to defendant Gilman asking to be removed from a law book restriction. On January 15, 2004, plaintiff filed grievance ICF 04-01-166-28c. *Id.* at ¶ 131. This grievance names as respondents:

> Directors B. Martin, W. Overton, P. Caruso, Wardens B. Curtis, W. Smith, Prisoner Affairs Managers M. Powell, L. Shredlock, J. Armstrong, CFA Deputy Director D. Bolden, Griev Coor's [sic] A. Vroman, J. Wayne, S. Keegstra, Deputy Warden L. Gilman, Lt. Visser, RUO J. Christiansen, Libra[r]ians G. Allen, D. Givens, ADW Olson, RUO M. Brooks, and other unknown and/or known agents.

Grievance 04-01-0166-28c.

Plaintiff's amended complaint consolidates his numerous claims into three counts. In Count I, plaintiff alleges that defendants Smith, Christiansen, Gilman, Visser, Olson, Vos and Givens "did wilfully and unreasonably apply and extend a law book/law library restriction for 20

---

[1] Plaintiff's amended complaint incorrectly identifies this statute as MCL § 600.5101.

4

months and did thereby proximately cause plaintiff's inability to effectively research and did ultimately result in plaintiff's civil action being dismissed, contrary to U.S. Const. Amends. 1, 14; and State law constituting Gross Negligence and Abuse of Process."  Amend. Compl. at ¶ 137.  In Count II, plaintiff alleges that Judge Hood and defendant Fisher willfully and knowingly denied him access to the court solely due to poverty based on an unconstitutional statute, MCL § 600.2963(8).  *Id.* at ¶ 139.  In Count III, plaintiff alleges that Judge Hood and defendant Fisher deprived him of procedural due process contrary to the First and Fourteenth Amendments.  Plaintiff asks this court to declare §2963(8) unconstitutional "on its face and/or as applied," order the Ingham Circuit Court and the Baraga Circuit Court to accept his pleadings as filed, and to award him compensatory and punitive damages.  *Id.* at p. 9.

As the court previously discussed, plaintiff has named nine defendants in this suit. This court has dismissed plaintiff's claims against Judge Hood and his constitutional challenge to MCL § 600.2963(8).  Accordingly, the only claims remaining are those asserted against defendants Christiansen, Smith, Gilman, Visser, Fisher, Olson, Vos and Givens.

## III.     Discussion

### A.     Grievance ICF 04-01-166-28c

As an initial matter, defendants admit that plaintiff pursued grievance ICF 04-01-166-28c through Step III.  In his amended complaint, plaintiff alleges that he named defendant Vos in grievance ICF 04-01-166-28c.  Amend. compl. at ¶ 108.  Grievance 04-01-166-28c, dated January 15, 2004, names a number of individuals, but does not identify defendant Vos. The grievance names "Librarians G. Allen, D. Givens."  *See* grievance no. 04-01-166-28c, attached to amend. compl. Plaintiff has advised the court that he mistakenly referred to defendant Glenn Vos as "Glenn Allen."

*See* plaintiff's response.  Plaintiff has submitted a copy of a kite, dated January 16, 2004,  in which defendant Vos advised plaintiff that "My name is Glenn Vos, not Glenn Allen."  *See* attachment to plaintiff's response.  The Michigan Department of Corrections (MDOC) was put on notice that plaintiff's grievance involved the correctional facility's librarians.  In addition, defendant Vos knew that plaintiff mistakenly referred to him as "Glenn Allen" rather than "Glenn Vos."  Under these circumstances, it appears that plaintiff's grievance sufficiently identified defendant Vos. Accordingly, plaintiff's claims against defendant Vos are exhausted.

### B.      Step III Grievance 156260, 28b

Plaintiff also alleges that he named Vos in a grievance filed directly at Step III, identified as grievance 156260, 28b.[2]  Amend. compl. at ¶ 109; s*ee* grievance attached to amend. compl.  This grievance was rejected as illegible and because it contained "vague and extraneous information." *See* letter (3/19/04) attached to amend. compl. Plaintiff was informed that he could re-write and re-submit the grievance "to the facility being grieved."  *Id.*  There is no evidence that plaintiff resubmitted the grievance to the facility.  Accordingly, plaintiff has failed to exhaust this grievance.  *See, e.g., Jackson v. Smith*, No. 1:05-cv-834, 2006 WL 118284 at *3 (W.D. Mich. Jan. 13, 2006) (a rejected Step III grievance brought pursuant to Policy Directive 03.02.130 ¶ S is unexhausted when the prisoner fails to resubmit it as advised by the MDOC).

---

[2] The MDOC has a three-step grievance process.  A prisoner commences the process by filing a "Step I" grievance with the grievance coordinator at the correctional facility.  *See* MDOC, Policy Directive 03.02.130 ¶ X (eff. 12/19/03). However, a prisoner may file a grievance directly at Step III with respect to alleged racial or ethnic discrimination, staff brutality or staff corruption.  *See* MDOC, Policy Directive 03.02.130 ¶ S.  A Step III grievance is filed directly with the MDOC Prisoner Affairs Section rather than the facility's grievance coordinator. *See id.*

6

### C.   Grievance ICF 02-11-2673

In their brief, defendants state that plaintiff named defendant Vos in grievance "ICF 02-11-2673." Defendants' brief at 2.  Defendants are apparently referring to grievance ICF 02-11-2673-15.  *See* amend. compl.  However, Defendant Vos is not named in this grievance.  Plaintiff relies on this grievance to support his claims against defendants Smith, Visser and Christiansen regarding the October 13, 2002 incident, which resulted in the misconduct ticket and the initial library restriction.  *See* amend. compl. at ¶ 107.

Plaintiff has not demonstrated that he exhausted this grievance, which involves  his claim against defendants Smith, Visser and Christiansen for their actions in setting the initial law library restriction in October 2002.  Plaintiff filed the Step I grievance on October 30, 2002. However, plaintiff does not allege when he received a response to the Step I appeal, nor has he provided the court with a copy of the response.  In his amended complaint, plaintiff alleges that he never received a response to his Step II appeal, but gives no indication regarding when he filed that appeal and has not submitted a copy of it to the court.

In his "declaration" in opposition to defendants' motion, plaintiff states that he filed grievance 02-11-2673-15 on October 30, 2002, that it was received by the grievance coordinator on November 1, 2002, and that "sometime between 01/Nov/02 and 23/Dec/02 this and another grievance became overdue."  *See* docket no. 61. Plaintiff has provided the court with a copy of intramural correspondence dated December 23, 2002, requesting the status of this grievance, stating that the grievance  was "over due at the Step II level."  *See* docket no. 61. Plaintiff has also provided a copy of an MDOC memorandum dated December 30, 2002, which states that due to the extreme volume of Step I and Step II grievances, some grievances may be responded to beyond normal time

7

limits, but reminds the prisoners that "[a]ny delays in responses by staff will not affect your time limits at Step III of the grievance process." *Id.*

Plaintiff alleges that he sent "several" kites to defendants Smith, Olson and Gilman between October 29, 2002 and January 5, 2004, but does not claim that he sent a Step III appeal during that time. Amend. compl. at ¶ 107. Plaintiff alleges that he sent a Step III appeal to Lansing, but has no receipt showing when he mailed it. *Id.* In addition, plaintiff has not submitted a copy of the Step III appeal to the court. In an apparent effort to explain his actions, plaintiff points out that he was on modified access from January 2, 2003 through April 3, 2003. *See* docket no. 61.[3] The modified access memorandum advised plaintiff of the procedure for filing Step I grievances. *Id.* Nothing in the record indicates that plaintiff's modified access status prevented him from filing a Step III appeal of his pre-existing grievance. *See* Policy Directive 03.02.130 ¶¶ JJ-NN. *See generally*, *Walker v. Michigan Dept. of Corrections*, 128 Fed.Appx. 441, 446 (6th Cir. 2005) (modified access process, which required screening of prisoner grievances by grievance officer prior to consideration in normal grievance process, did not prevent prisoner from exhausting administrative remedies). For their part, defendants have submitted the affidavit of James Armstrong, manager of the Prison Affairs Section of the MDOC, stating that there is no record of plaintiff having filed a Step III appeal in this matter. *See* Armstrong Affidavit, attached to defendants' brief as Exh. A.[4]

---

[3] Plaintiff was placed on modified access for deliberately abusing the Step I grievance process, by filing "frivolous, non-meritorious" and "duplicative" grievances. *See* docket no. 61.

[4] The affidavit states that "[t]here is no record of Prisoner Carney having filed a Step III grievance with the number ICF-02-11-2673-15c." Exh. A attached to defendants' brief (emphasis added). The court notes that the grievance at issue appears to be referred to as both "15c" and "15a."

8

## IV.    Conclusion

Based on this record, plaintiff has not demonstrated that he exhausted grievance ICF 02-11-2673-15 or Step III Grievance 156260, 28b.  Because plaintiff's complaint includes both exhausted and unexhausted claims, it should be dismissed pursuant to the total exhaustion rule.  *See Jones Bey*, 407 F.3d at 805.

## Recommendation

For the reasons set forth above, I respectfully recommend that defendants' motion to dismiss (docket no. 46) be **GRANTED**.


Dated:  May 23, 2006                          /s/ Hugh W. Brenneman, Jr.
                                        Hugh W. Brenneman, Jr.
                                        United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).