UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY CARNEY,

        Plaintiff,

vs.

JOHN CHRISTIANSEN, et al.,

        Defendants.
_____/

Case No. 1:05-cv-252

Hon. Gordon J. Quist

**ORDER**

This matter is now before the court on plaintiff's "Motion for relief from clerical oversight" (docket no. 83). This motion arises from the following procedural history. The court dismissed plaintiff's claims against Judge Garfield Hood in an order entered March 28, 2006. Although this order did not dispose of all claims in his suit, plaintiff filed a notice of appeal to the Sixth Circuit Court of Appeals on April 10, 2006. This court granted plaintiff's motion for leave to proceed in forma pauperis (IFP) on appeal on July 19, 2006. The Sixth Circuit dismissed plaintiff's appeal for lack of jurisdiction on September 25, 2006 and denied his petition for rehearing on October 31, 2006. *See Carney v. Christiansen*, No. 06-1545 (6th Cir.).

Now, plaintiff seeks "an order nullifying its 19/Jul/06 order regarding IFP Status on appeal charging fees of $455, and to instruct prison authorities of same so that, if necessary, [plaintiff] is free to appeal at the conclusion." Plaintiff relies on the "Court of appeals miscellaneous fee schedule," as authorized by 28 U.S.C. § 1913, which provides in ¶ (1) that "[a] docketing fee shall not be charged for the docketing of an application for the allowance of an interlocutory appeal under 28 U.S.C. § 1292(b), unless the appeal is allowed." *See, e.g.,* 6 Cir. I.O.P. 5(a) ("[n]o fee is

required with a petition for permission to appeal under 28 U.S.C. § 1292(b) unless the petition is granted").

As an initial matter, neither ¶ (1) of the fee schedule nor 6 Cir. I.O.P. 5(a) apply to plaintiff's appeal, because the court did not authorize an interlocutory appeal pursuant to § 1292(b). Plaintiff disregarded the court rules when he filed a notice of appeal, which sought an appeal as of right from the Sixth Circuit. *See* Fed. R. App. P. (a)(1) ("[a]n appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk"). Faced with this situation, the Sixth Circuit docketed the appeal, directed the parties to file briefs, and ultimately dismissed the appeal for lack of jurisdiction.

Under these circumstances, it appears that plaintiff is not entitled to his requested relief. However, because this motion seeks to vacate an IFP order on appeal and to refund an appellate filing fee, the court concludes that this is a matter to be determined by the Sixth Circuit. *See generally, Kingsley v. McKune*, 191 Fed. Appx. 748, 750-51 (10th Cir. 2006) ("[t]his court has jurisdiction to ascertain its jurisdiction . . . and to retain the attendant filing fee"); *Bell v. Clark*, 194 F.3d 781, 782 (7th Cir. 1999) ("[t]here is not refund of a filing fee just because an appellant, petitioner, or other seeker of judicial review is dissatisfied with the outcome of his quest, whether that outcome is defeat on the merits or a refusal, for jurisdictional or other reasons, even to consider the merits"). Accordingly, plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 12, 2007            /s/ Hugh W. Brenneman, Jr.
                                 Hugh W. Brenneman, Jr.
                                 United States Magistrate Judge