UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JEFFREY CARNEY,**

    **Plaintiff,**

                        Case No. 1:05-CV-252
**v.**                                    Hon. Gordon J. Quist

**JOHN CHRISTIANSEN, et al.,**

    **Defendants.**

                            /

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court to reconsider a motion filed by defendants Christiansen, Smith, Vos, Givens and Olson pursuant to Fed. Rules Civ. Proc. 12(b)(6), which seeks dismissal under the "total exhaustion rule" announced in *Jones Bey v. Johnson*, 407 F.3d 801(6th Cir. 2005) (docket no. 46).

    **I.**    **Introduction**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e, provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.

In their motion, defendants contend that plaintiff failed to exhaust his administrative remedies under the PLRA because he failed to mention defendant Vos in the Step III appeal of grievance no. ICF 02-11-2673. Because plaintiff failed to exhaust his remedies against defendant Vos, defendants contend that the entire complaint must be dismissed under the total exhaustion rule as announced in *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005) ("the PLRA requires a complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims").

In a report and recommendation (R&R), the undersigned found that some of plaintiff's claims against defendant Vos as set forth in grievance no. ICF 04-01-166-28c were exhausted. R&R (May 23, 2006). The court also performed a *sua sponte* review of plaintiff's other grievances, and concluded that his claims against three other defendants, Smith, Lt. Visser and Christiansen, were not exhausted in grievance nos. 156260, 28b and ICF 02-11-2673-15. *Id.* Because plaintiff's claims against these three defendants were unexhausted, the undersigned recommended dismissal of the complaint under the *Jones Bey* "total exhaustion rule." *Id.* The district judge vacated the R&R, citing the recent decision in *Jones v. Bock*, -- U.S. --, 127 S. Ct. 910 (2007), which abrogated the total exhaustion rule as expressed in *Jones Bey*. Order (June 28, 2007). The district judge also remanded the matter to the undersigned for reconsideration. *Id.*

## II.     Reconsideration of defendants' motion to dismiss

In addition to abrogating the total exhaustion rule, the Supreme Court in *Jones v. Bock* established that defendants must raise the issue of exhaustion by motion as an affirmative defense. *See Jones v. Bock*, 127 S. Ct. at 921 ("[w]e conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints"). Here, defendants motion to dismiss raises the issue of exhaustion only with respect to defendant Vos. Accordingly, the court's review of the motion is limited to that defendant.

After due consideration, and in light of *Jones v. Bock*, I adopt the following limited portion of the previous R&R:

> In his original complaint, plaintiff named six defendants: John Christiansen, Willie O. Smith, Lee Gilman, Unknown Visser, Damien S. Fisher, and Judge Garfield W. Hood. *See* docket no. 1. Plaintiff filed an amended complaint on June 6, 2005, which added new claims and three new defendants: Mike Olson, Glen Vos and Debra Givens. *See* docket no. 7.
>
> Plaintiff's amended complaint includes the following claims. First, plaintiff alleges that on October 13, 2002, defendant Christiansen confiscated 93 pages of photocopies of a book entitled "Sixth Circuit Cases" from plaintiff's room, wrote him a misconduct ticket and requested a library restriction for plaintiff for theft or possession of stolen property. Amend. compl. at ¶ 110. Defendants Visser and Smith approved this restriction. *Id.* at ¶ 111. Plaintiff does not contest the misconduct ticket for theft, stating that his claim of an the excessive or unjustified restriction does not imply the invalidity of the ticket. *Id.* Plaintiff alleges that he remained on this restriction from October 13, 2002 through June 7, 2004, when he was transferred from IMAX. *Id.* at ¶ 113. Plaintiff alleges that at an unspecified date, defendants Visser, Smith, Olson and Gilman "made this restriction permanent for plaintiff's first and only violation of this nature." *Id.* at ¶ 117. On October 30, 2002, plaintiff filed grievance ICF 02-11-2673-15 after being placed on "permanent lawbook restriction." *Id.* at ¶ 131. This grievance named defendants Smith, Visser and Christiansen. *See* grievance ICF 02-11-2673-15 attached to amend. compl.
>
> Next, plaintiff alleges that the IMAX library did not carry the entire "600" series of Michigan Compiled Laws Annotated (MCLA). Amend. compl. at ¶ 118.

3

Plaintiff claims that the library's failure to carry this series of statutes caused him (1) to fail to comply with MCL § 600.5507[1] (requiring prisoners claiming indigency to state the number of past civil actions in their civil rights complaints) which resulted in (2) the dismissal of a suit in Ingham Circuit Court, and (3) now barred him from filing future suits until he paid the costs of the dismissed suit pursuant to MCL § 600.2963(8). *Id.* at ¶¶ 118-26.

Next, plaintiff alleges that defendant Fisher, a court clerk with the Ingham Circuit Court, denied his petition for judicial review of another major misconduct ticket on November 12, 2004. Amend. compl. at ¶ 124. He alleges that defendant Fisher relied on MCL § 600.2963(8) to deny him access to the court. *Id.*

Next, plaintiff alleges that he attempted to file a judicial review petition in the Baraga Circuit Court, and that defendant Judge Hood would not let him file the petition because of the outstanding costs plaintiff owed to the Ingham Circuit Court. *Id.* at ¶ 125.

Next, plaintiff alleges that on January 5, 2004 he sent a kite to defendant Gilman asking to be removed from a law book restriction. On January 15, 2004, plaintiff filed grievance ICF 04-01-166-28c. *Id.* at ¶ 131. This grievance names as respondents:

> Directors B. Martin, W. Overton, P. Caruso, Wardens B. Curtis, W. Smith, Prisoner Affairs Managers M. Powell, L. Shredlock, J. Armstrong, CFA Deputy Director D. Bolden, Griev Coor's [sic] A. Vroman, J. Wayne, S. Keegstra, Deputy Warden L. Gilman, Lt. Visser, RUO J. Christiansen, Libra[r]ians G. Allen, D. Givens, ADW Olson, RUO M. Brooks, and other unknown and/or known agents.

Grievance 04-01-0166-28c.

Plaintiff's amended complaint consolidates his numerous claims into three counts. In Count I, plaintiff alleges that defendants Smith, Christiansen, Gilman, Visser, Olson, Vos and Givens "did wilfully and unreasonably apply and extend a law book/law library restriction for 20 months and did thereby proximately cause plaintiff's inability to effectively research and did ultimately result in plaintiff's civil action being dismissed, contrary to U.S. Const. Amends. 1, 14; and State law constituting Gross Negligence and Abuse of Process." Amend. Compl. at ¶ 137. In Count II, plaintiff alleges that Judge Hood and defendant Fisher willfully and knowingly denied him access to the court solely due to poverty based on an unconstitutional statute, MCL § 600.2963(8). *Id.* at ¶ 139. In Count III, plaintiff

---

[1] Plaintiff's amended complaint incorrectly identifies this statute as MCL § 600.5101.

alleges that Judge Hood and defendant Fisher deprived him of procedural due process contrary to the First and Fourteenth Amendments. Plaintiff asks this court to declare §2963(8) unconstitutional "on its face and/or as applied," order the Ingham Circuit Court and the Baraga Circuit Court to accept his pleadings as filed, and to award him compensatory and punitive damages. *Id.* at p. 9.

As the court previously discussed, plaintiff has named nine defendants in this suit. This court has dismissed plaintiff's claims against Judge Hood and his constitutional challenge to MCL § 600.2963(8). Accordingly, the only claims remaining are those asserted against defendants Christiansen, Smith, Gilman, Visser, Fisher, Olson, Vos and Givens.

### [**Grievance ICF 04-01-166-28c**]

As an initial matter, defendants admit that plaintiff pursued grievance ICF 04-01-166-28c through Step III. In his amended complaint, plaintiff alleges that he named defendant Vos in grievance ICF 04-01-166-28c. Amend. compl. at ¶ 108. Grievance 04-01-166-28c, dated January 15, 2004, names a number of individuals, but does not identify defendant Vos. The grievance names "Librarians G. Allen, D. Givens." *See* grievance no. 04-01-166-28c, attached to amend. compl. Plaintiff has advised the court that he mistakenly referred to defendant Glenn Vos as "Glenn Allen." *See* plaintiff's response. Plaintiff has submitted a copy of a kite, dated January 16, 2004, in which defendant Vos advised plaintiff that "My name is Glenn Vos, not Glenn Allen." *See* attachment to plaintiff's response. The Michigan Department of Corrections (MDOC) was put on notice that plaintiff's grievance involved the correctional facility's librarians. In addition, defendant Vos knew that plaintiff mistakenly referred to him as "Glenn Allen" rather than "Glenn Vos." Under these circumstances, it appears that plaintiff's grievance sufficiently identified defendant Vos. Accordingly, plaintiff's claims against defendant Vos are exhausted.

### [**Grievance 156260, 28b**]

Plaintiff also alleges that he named Vos in a grievance filed directly at Step III, identified as grievance 156260, 28b.[2] Amend. compl. at ¶ 109; s*ee* grievance attached to amend. compl. This grievance was rejected as illegible and because it

---

[2] The MDOC has a three-step grievance process. A prisoner commences the process by filing a "Step I" grievance with the grievance coordinator at the correctional facility. *See* MDOC, Policy Directive 03.02.130 ¶ X (eff. 12/19/03). However, a prisoner may file a grievance directly at Step III with respect to alleged racial or ethnic discrimination, staff brutality or staff corruption. *See* MDOC, Policy Directive 03.02.130 ¶ S. A Step III grievance is filed directly with the MDOC Prisoner Affairs Section rather than the facility's grievance coordinator. *See id.*

contained "vague and extraneous information." *See* letter (3/19/04) attached to amend. compl. Plaintiff was informed that he could re-write and re-submit the grievance "to the facility being grieved." *Id.* There is no evidence that plaintiff resubmitted the grievance to the facility. Accordingly, plaintiff has failed to exhaust this grievance. *See, e.g., Jackson v. Smith,* No. 1:05-cv-834, 2006 WL 118284 at *3 (W.D. Mich. Jan. 13, 2006)(a rejected Step III grievance brought pursuant to Policy Directive 03.02.130 ¶ S is unexhausted when the prisoner fails to resubmit it as advised by the MDOC).

### [**Grievance ICF 02-11-2673**]

In their brief, defendants state that plaintiff named defendant Vos in grievance "ICF 02-11-2673." Defendants' brief at 2. Defendants are apparently referring to grievance ICF 02-11-2673-15. *See* amend. compl. However, Defendant Vos is not named in this grievance. Plaintiff relies on this grievance to support his claims against defendants Smith, Visser and Christiansen regarding the October 13, 2002 incident, which resulted in the misconduct ticket and the initial library restriction. *See* amend. compl. at ¶ 107. . .

R&R (May 23, 2006) at 3-6. Based upon the foregoing, the court concludes that plaintiff did not exhaust any claims asserted against defendant Vos in Grievances 156260, 28b and ICF 02-11-2673, but did exhaust claims asserted against defendant Vos as set forth in Grievance ICF 04-01-166-28c.

Accordingly, defendants' motion to dismiss should be granted as to his claims based upon Grievances 156260, 28b and ICF 02-11-2673, and denied as to his claims based upon Grievance ICF 04-01-166-28c.

### IV.   Defendant Fisher

Next, for the reasons stated below, the court recommends that plaintiff's claims against defendant Fisher be dismissed *sua sponte*. Plaintiff's amended complaint identifies defendant Fisher as "an Ingham County Circuit Court Clerk." Amended Compl. at ¶ 100. Plaintiff further alleges that Fisher "denied plaintiff the right to access the court citing MCL 600.2963(8) and the fact that plaintiff owed fees." *Id.* at ¶ 124. Plaintiff's amended complaint incorporates a letter signed by Fisher, dated November 12, 2004, which returned plaintiff's pleadings and advised him

that "MCL 600.2963(8) prohibits you from claiming indigent status to file a new civil action because you currently owe this circuit court $93.97 in fees and costs arising from a previous case no. 03-000154-MP." *See* docket no. 7-2. Fisher signed the letter, "Damian S. Fisher Court Officer." *Id.*

Fisher has not been served in this matter, his summons having been sent to the Ingham County Circuit Court and returned unexecuted. *See* docket no. 31. An e-mail from the Ingham County Circuit Court filed with the unexecuted summons advised this court's clerk as follows:

> Damian Fisher worked worked as [Chief Circuit] Judge [William E.] Collette's law clerk for about a year which was roughly December 2003 to December 2004. He then went on to work up at an Indian Reservation up north somewhere doing legal work. It is my understanding that he has left that employ and is currently seeking employment.

*Id.*

Plaintiff was allowed to file the present action *in forma pauperis* pursuant to § 1915. As such, his suit is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), which provides that the court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . .seeks monetary relief against a defendant who is immune from such relief." Plaintiff's sole claim against defendant Fisher arises from the fact that Fisher signed the November 12, 2004 letter. In his amended complaint, plaintiff seeks monetary damages against all defendants and an order directing the "Ingham County Circuit Court and Baraga Circuit Court to accept plaintiff's pleadings for filing." Amended Compl. at p. 9.

While plaintiff's complaint identifies Fisher as "an Ingham County Circuit Court Clerk," the record reflects that Fisher was not an employee of the circuit court clerk's office, but rather the law clerk to the court's chief judge. Law clerks are entitled to absolute judicial immunity

7

when assisting the judge in carrying out the former's judicial functions. *See Jackson v. Houck*, 181 Fed. Appx. 372 (4th Cir. 2006); *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1990). *See generally*, *Bradley v. United States*, 84 Fed. Appx. 492, 493 (6th Cir. 2003) (judicial law clerk performing his judicial and quasi-judicial duties is immune from suit); *Oliva v. Heller*, 839 F.2d 37, 40 (2nd Cir. 1988) ("for purposes of absolute judicial immunity, judges and their law clerks are as one") (citation omitted). It is appropriate for the court to *sua sponte* dismiss a prisoner civil rights complaint on grounds of judicial immunity pursuant to § 1915(e)(2). *See Davis v. Daughtrey*, 36 Fed. Appx. 178 (6th Cir. 2002).

Furthermore, defendant Fisher is also entitled to judicial immunity with respect to plaintiff's claim against Fisher in his "official capacity" for injunctive relief . Title 42 U.S.C. § 1983 provides that "injunctive relief shall not granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *See Massey v. Stosberg*, 136 Fed. Appx. 719, 720 (6th Cir. 2005); *Montero v. Travis*, 171 F.3d 757, 761 (2nd Cir. 1999) (a § 1983 claim seeking injunctive relief against a judge fails where the plaintiff failed to allege the violation of a declaratory decree or the unavailability of declaratory relief). As a law clerk assisting his judge, defendant Fisher is entitled to this immunity. *See Jackson*, 181 Fed. Appx. 372 (4th Cir. 2006); *Bradley*, 84 Fed. Appx. at 493; *Mitchell*, 944 F.2d at 230; *Oliva*, 839 F.2d at 40. Accordingly, plaintiff's claims against defendant Fisher for injunctive relief are precluded by § 1983.

### V.     Counts II and III

Plaintiff's Counts II and III are directed at both defendants Judge Garfield W. Hood and Fisher. The court previously dismissed plaintiff's claims against Judge Hood. *See* Order

(March, 28, 2006). For the reasons discussed above, plaintiff's remaining claims in Counts II and III, i.e., those directed at defendant Fisher, should be dismissed. Accordingly, the court should enter an order to dismiss Counts II and III in their entirety.

### VI. Recommendation

I respectfully recommend:

A. That defendants' motion to dismiss (docket no. 46) be **DENIED** as to all defendants, including defendant Vos, except that as to Vos the motion is **GRANTED** as to any claims against this defendant premised on Grievance 156260, 28b, and ICF 02-11-2673, since any claims as to Vos in those grievances are non-existent or have not been exhausted.

B. That plaintiff's claims against defendant Fisher be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915; and

C. That plaintiff's Counts II and III be **dismissed**.


Dated: September 13, 2007         /s/ Hugh W. Brenneman, Jr.
                                  HUGH W. BRENNEMAN, JR.
                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

9