UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY CARNEY,

        Plaintiff,

Case No. 1:05-cv-252

Hon. Gordon J. Quist

vs.

JOHN CHRISTIANSEN, et al.,

        Defendants.

                                  /

## ORDER

This matter is now before the court on five matters: defendants' motion for leave to take deposition of prisoner (docket no. 94); plaintiff's "motion for a protective order of plaintiff's medical records" (docket no. 97); plaintiff's motion for an enlargement of time to file a reply to defendant's response to the motion for a protective order (docket no. 101); defendants' motion for an enlargement of time to answer three sets of requests for admission and an interrogatory (docket no. 103); and, defendants' "motion for an extension of scheduling order dates" (docket no. 107).

**Defendants' motion for leave to take deposition of prisoner**

Defendants' seek leave to depose plaintiff pursuant to Fed. R. Civ. P. 30(a)(2), which provides in pertinent part that "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison." Defendants have the right to depose a prisoner plaintiff. *See Kendrick v. Schnorbus*, 655 F.2d 727, 728 (6th Cir. 1981). Upon due consideration, the motion to depose plaintiff (docket no. 94) is **GRANTED**.

**Plaintiff's motion for protective order and enlargement of time to file reply**

Plaintiff seeks a protective order to prevent defendants from obtaining copies of his hospital and medical records. Plaintiff contends that the records are irrelevant because his claims allege denial of court access and do not involve any medical issues. Defendants seek the medical records because they may be relevant to the issue of compensatory damages for mental or emotional distress, and for bodily or physical injury. Plaintiff's amended complaint seeks "nominal, compensatory and punitive damages totaling $75,883.18 at $125 per day that plaintiff was on restriction." Amend. Comp. at p. 9. He does not seek compensatory damages for mental or emotional distress or physical injury. The court agrees with plaintiff that his medical records are irrelevant to the claims asserted in this suit. Accordingly, plaintiff's motion for a protective order (docket no. 97) is **GRANTED** and plaintiff's motion for an enlargement of time to file a reply (docket no. 101) is **DENIED** as moot.

**Defendants' motion for an extension to respond to discovery**

Defendants seek an extension of time to answer three sets of requests for admission and an interrogatory. Defendants' request was based upon the anticipated shut-down of Michigan's state government on October 1, 2007. The state government did not shut down as predicted. Defendants' motion for an extension of time to respond to discovery (docket no. 103) is **DENIED** as moot.

**Defendants' motion for an extension of deadlines**

On July 27, 2007, the court entered scheduling order requiring the completion of discovery by September 30, 2007 and the filing of all pretrial motions by October 9, 2007. Defendants seek to extend these deadlines. Defendants are entitled to an extension of time to depose

plaintiff.  Accordingly, defendants' motion (docket no. 107) is **GRANTED** in part.  The discovery deadline shall be extended to November 1, 2007, for the sole purpose of allowing defendants the opportunity to depose plaintiff.  **All other deadlines as set forth in the July 27, 2007 order shall remain in place.**

      **IT IS SO ORDERED.**

Dated:  October 3, 2007                 /s/ Hugh W. Brenneman, Jr.
                                                HUGH W. BRENNEMAN, JR.
                                                United States Magistrate Judge