UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEFFREY CARNEY,

        Plaintiff,            Case No. 1:05-CV-252

v.                              HON. GORDON J. QUIST

JOHN CHRISTIANSEN, et al.,

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued on September 13, 2007, in which the magistrate judge recommended that the Court deny defendant's motion to dismiss as to all defendants except to grant the motion to dismiss as to defendant Vos with respect to any claims premised on Grievances 156260, 28b, and ICF 02-11-2673. Additionally, the magistrate judge recommended that the Court dismiss plaintiff's claims against defendant Fisher along with Plaintiff's Counts II and III. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

## Facts

Plaintiff, Jeffrey Carney, filed a § 1983 action against defendants John Christiansen, Willie O. Smith, Lee Gilman, Unknown Visser, Damien Fisher, Mike Olson, Glen Vos, Debra Givens, and Judge Garfield W. Hood. In Count I of his complaint, Plaintiff alleges that defendants Smith, Christiansen, Gilman, Visser, Olson, Vos, and Givens unreasonably placed a law book/law library

restriction on him in violation of the First Amendment and state law. In Count II, Plaintiff alleges that Judge Hood and his law clerk, Damien Fisher, denied him access to the court based on an unconstitutional statute. In Count III, Plaintiff alleges that Judge Hood and Fisher deprived him of procedural due process in violation of the First and Fourteenth Amendments.

Count I of Plaintiff's complaint alleges that Christiansen confiscated 93 pages of photocopies of a book entitled "Sixth Circuit Cases" from his room, wrote him a misconduct ticket, and requested a library restriction for Plaintiff based on theft or possession of stolen property. Visser and Smith approved the restriction. Plaintiff alleges that defendants Visser, Smith, Olson, and Gilman made the restriction permanent. Next, Plaintiff complains that the library did not contain the entire "600" series of Michigan Compiled Laws Annotated. Plaintiff alleges that because of this, he failed to comply with M.C.L. § 600.5507 (requiring indigent prisoners to state the number of past civil actions in their complaint). This resulted in dismissal of a suit in Ingham Circuit Court and now bars him from filing future suits until he can pay the costs associated with the dismissed suit. Finally, Plaintiff alleges that defendant Gilman refused his request to be removed from the law book restriction.

Counts II and III stem from Plaintiff's aforementioned civil action in Ingham Circuit Court seeking a $120 reimbursement for a coat that was lost during his incarceration at the Ionia Correctional Facility. This action was dismissed for Plaintiff's failure to comply with M.C.L. § 600.5507(2). Plaintiff attempted to re-file his suit in Ingham Circuit Court, but his pleadings were returned pursuant to M.C.L. § 600.2963(8) because he failed to pay the outstanding fees and costs he incurred in filing his original claim. This letter was signed by defendant Fisher. Plaintiff then attempted to file his "judicial review petition" in the Baraga Circuit Court, again claiming indigent status. In an order denying Plaintiff's motion for waiver of fees, Judge Hood concluded that Plaintiff would not be permitted to circumvent his obligations pursuant to M.C.L. § 600.2963(8) to pay his

outstanding courts fees to the Ingham Circuit Court by simply switching forums to the Baraga Circuit Court. Plaintiff did not appeal this order.

In Counts II and III, Plaintiff alleges that Judge Hood and defendant Fisher willfully and knowingly denied Plaintiff access to the court solely due to his poverty based on an unconstitutional statute. For relief, Plaintiff requested that this court declare the statute unconstitutional on its face and/or as applied, order the Ingham Circuit Court and Baraga Circuit Court to accept his pleadings as filed, and award him compensatory damages. The Court dismissed his challenge against M.C.L. § 600.2963(8) pursuant to the *Rooker-Feldman* doctrine and dismissed Judge Hood as a defendant because of absolute judicial immunity.

Defendants also filed a motion to dismiss based on exhaustion of administrative remedies. The magistrate initially concluded that while most of Plaintiff's claims were exhausted, some were not. Therefore, the magistrate recommended dismissing the entire case under the "total exhaustion rule." *See Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005). However, the Supreme Court abrogated the total exhaustion rule in *Jones v. Bock*, -- U.S. --, 127 S.Ct. 910 (2007). In light of this, the Court remanded the matter back to the magistrate for reconsideration.

Upon reconsideration, the magistrate noted that in *Jones v. Bock*, the Supreme Court established that defendants must raise the issue of exhaustion by motion as an affirmative defense. Therefore, since the defendants motion to dismiss only raised the issue of exhaustion with respect to defendant Vos, the magistrate limited its review of that motion to claims against Vos. Plaintiff raised the incidents involved in Count I of his complaints in three separate grievances. In Grievance ICF 04-01-166-28c, Plaintiff named (among others) "Librarians G. Allen, D. Givens." Plaintiff stated that he mistakenly referred to defendant Glenn Vos as "Glen Allen." The magistrate found that Vos was aware of this mistake because he told Plaintiff that "My name is Glenn Vos, not Glenn

3

Allen." The magistrate found that the Michigan Department of Corrections was put on notice that Plaintiff's grievance involved the librarians, and that Vos was also aware of Plaintiff's attempt to name him in the grievance. Therefore, the magistrate found that this was sufficient to put Vos on notice with respect to Grievance ICF 04-01-166-28c. Since the defendants admitted that Plaintiff pursued this grievance through Step III, the magistrate concluded that Plaintiff exhausted his administrative remedies against Vos with respect to all claims premised on this grievance. The defendants have not objected to this portion of the magistrate's report and recommendation.

The magistrate then examined Plaintiff's Grievance 156260, 28b. This grievance was rejected as illegible, and Plaintiff was informed he could re-submit the grievance. Because Plaintiff failed to do so, the magistrate concluded that he failed to exhaust any claims against Vos premised on this grievance. Finally, the magistrate considered Grievance ICF 02-11-2673. This grievance concerns the misconduct ticket and the initial library restriction on October 13, 2002. Because Vos was not named in this grievance, the magistrate concluded that Plaintiff did not exhaust claims against defendant Vos premised on Grievance ICF 02-11-2673. Therefore, the magistrate recommended that defendant Vos's motion to dismiss be granted with respect to claims based on Grievances 156260, 28b and ICF 02-11-2673 and denied with respect to Grievance ICF 04-01-166-28c.

Additionally, relying on 28 U.S.C. § 1915(e)(2)(B)(iii) (which provides that the court shall dismiss actions brought *in forma pauperis* if the "court determines that . . . the action . . . seeks monetary relief against a defendant who is immune for such relief"), the magistrate considered *sua sponte* whether defendant Fisher should be dismissed because of immunity. The magistrate concluded that because Fisher was Judge Hood's law clerk, he was entitled to absolute judicial immunity in carrying out the judge's judicial functions. *See Bradley v. United States*, 84 F.App'x

4

492, 493 (6th Cir. 2003). Furthermore, the magistrate concluded that defendant Fisher was entitled to immunity with respect to Plaintiff's claim against him in his "official capacity" for injunctive relief. The magistrate relied on 42 U.S.C. § 1983, which states that injunctive relief shall not be granted against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory degree was violated or declaratory relief was unavailable." Finding that neither applied, the magistrate recommended dismissing Fisher from the lawsuit. Finally, since Plaintiff's Counts II and III were against Judge Hood and defendant Fisher, neither of whom were no longer parties to the litigation, the magistrate recommended dismissing both counts. The Plaintiff has filed his objections to the report, and the defendants have not objected.

## Analysis

Because the defendants did not object to the portion of the magistrate's report and recommendation finding that Plaintiff did exhaust his administrative remedies against Vos with respect to claims premised on ICF 04-01-166-28c, the Court will adopt that portion of the report. Furthermore, Plaintiff does not contest that he failed to name defendant Vos in ICF 02-11-2673. Thus, the Court will adopt the magistrate's recommendation that he failed to exhaust administrative remedies against Vos with respect to ICF 02-11-2673. However, Plaintiff objects to the magistrate's conclusion that he failed to exhaust Grievance 156260, 28b. Plaintiff argues that even though the grievance was rejected as illegible, the grievance was exhausted because prison officials failed to respond to the grievance. Moreover, Plaintiff argues that the defense of "estoppel" should prevent the defendants from asserting failure to exhaust administrative remedies. Plaintiff apparently argues that he re-submitted Grievance 156260, 28b at Step I when he gave the defendants the grievance. Plaintiff claims that because he must give all mail to the defendant and/or their agents, this was sufficient to exhaust his remedies.

5

While that may be true, there is no evidence that Plaintiff re-submitted the grievance at Step I after it was rejected as illegible. If a grievance filed directly at Step III is rejected, the plaintiff must re-submit that grievance at Step I to exhaust his administrative remedies with respect to that grievance. *Jackson v. Smith*, No. 1:05-cv-834, 2006 WL 118284 at *3 (W.D. Mich. Jan. 13, 2006). The magistrate concluded that Plaintiff failed to re-submit his grievance, and the Plaintiff has not offered any evidence to the contrary. Therefore, the Court adopts the portion of the magistrate's report and recommendation concerning exhaustion of remedies and finds that Plaintiff did exhaust his remedies against defendant Vos with respect to Grievance ICF 04-01-166-28c, but failed to exhaust with respect to Grievances 156260, 28b and ICF 02-11-2673.

Plaintiff also objects to the portion of the magistrate's report and recommendation concluding, *sua sponte*, that defendant Fisher is entitled to absolute judicial immunity for his role in the dismissal of Plaintiff's Ingham County lawsuit and Plaintiff's inability to file subsequent suits until he pays the costs associated with the original suit. The magistrate was correct that 28 U.S.C. § 1915(e)(2)(B)(iii) allows the Court at any time to dismiss a defendant who is immune from relief. Furthermore, law clerks are entitled to absolute judicial immunity in carrying out the judge's judicial functions. *Bradley*, 84 F.App'x at 493. While conceding the legal issue, Plaintiff argues that defendant Fisher was acting in an administrative capacity when he returned Plaintiff's pleadings and informed Plaintiff that he could not claim indigent status until he paid the fees and costs arising from his previous lawsuit.

However, the magistrate concluded, and the Court agrees, that defendant Fisher was performing a judicial function when he returned the pleadings to Plaintiff. The order was connected to litigation and altered the rights and liabilities of the parties. *Morrison v. Lipscomb*, 877 F.2d 463, 466 (6th Cir. 1989). The Court finds that Fisher's actions were similar to many other tasks that the

Sixth Circuit has deemed entitled to absolute judicial immunity. *See Riser v. Schnieder*, 37 F.App'x 763, 764 (6th Cir. 2002) (denying motion for continuance, granting default judgment, and misfiling motion for relief all judicial acts); *Fish v. Murphy*, 22 F.App'x 480, 482 (6th Cir. 2001) (clerk who misfiled document leading to dismissal of plaintiff's suit was entitled to judicial immunity). Therefore, the Court agrees with the magistrate that defendant Fisher is entitled to absolute judicial immunity.

Moreover, because Counts II and III of Plaintiff's complaint were against Judge Hood and Fisher, both of whom are entitled to absolute judicial immunity, the Court agrees with the magistrate that Counts II and III should be dismissed. For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued on September 13, 2007 (docket no. 100), is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss (docket no. 46) be **DENIED** as to all defendants, including defendant Vos, except that as to Vos the motion is **GRANTED** as to any claims premised on Grievances 156260, 28b and ICF 02-11-2673.

**IT IS FURTHER ORDERED** that Plaintiff's claims against defendant Fisher be **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Counts II and III be **DISMISSED**.

Dated: October 12, 2007         /s/ Gordon J. Quist
                                GORDON J. QUIST
                                UNITED STATES DISTRICT JUDGE

7