UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY CARNEY,

   Plaintiff,

vs.

JOHN CHRISTIANSEN, *et al.*,

   Defendants.
             /

Case No. 1:05-cv-252

Hon. Gordon J. Quist

**ORDER**

  Plaintiff has filed a § 1983 civil rights action against defendants. On April 12, 2007, the court denied plaintiff's "motion for relief from clerical oversight," in which he sought to "nullify" the court's order granting *in forma pauperis* status for his unsuccessful appeal in *Carney v. Christiansen*, No. 06-1545 (6th Cir.). *See* docket no. 84. In denying this motion, the court observed that plaintiff disregarded the court rules for filing an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and that the Sixth Circuit Court of Appeals ultimately dismissed his appeal for lack of jurisdiction. The court then denied his motion, reasoning in pertinent part as follows:

> Under these circumstances, it appears that plaintiff is not entitled to his requested relief. However, because this motion seeks to vacate an IFP order on appeal and to refund an appellate filing fee, the court concludes that this is a matter to be determined by the Sixth Circuit. *See generally, Kingsley v. McKune*, 191 Fed. Appx. 748, 750-51 (10th Cir. 2006) ("[t]his court has jurisdiction to ascertain its jurisdiction . . . and to retain the attendant filing fee"); *Bell v. Clark*, 194 F.3d 781, 782 (7th Cir. 1999) ("[t]here is not refund of a filing fee just because an appellant, petitioner, or other seeker of judicial review is dissatisfied with the outcome of his quest, whether that outcome is defeat on the merits or a refusal, for jurisdictional or other reasons, even to consider the merits").

This matter is now before the court on plaintiff's motion for reconsideration of that order (docket no. 87).

In reviewing requests for reconsideration, the court is guided by the local court rule regarding motions for reconsideration, which provides:

> Generally, and without restricting the discretion of the Court, motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been mislead, but also show that a different disposition of the case must result from the correction thereof.

W.D. Mich. LCivR 7.4(a). A defect is palpable if it is easily perceptible, plain, obvious, readily visible, noticeable, patent, distinct or manifest. *See Compuware Corp. v. Serena Software International, Inc.*, 77 F. Supp.2d 816, 819 (E.D. Mich. 1999).

In the present motion, plaintiff contends that the court committed error by allowing him to file his unsuccessful appeal. Plaintiff cites no authority for the proposition that this court has a duty to protect him from filing improper or frivolous appeals. A pro se litigant is required to follow the law and assumes the risks and hazards that accompany self-representation. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.2d 552, 561 (6th Cir. 2000). "Pro se litigants are required to follow the rules of civil procedure and easily-understood Court deadlines." *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999). Furthermore, as the court observed in the April 12, 2007 order, plaintiff's claim for a refund of the filing fees lies with the Sixth Circuit Court of Appeals. *See Kingsley*, 191 Fed. Appx. at 750-51; *Bell*, 194 F.3d at 782.

Plaintiff has failed to demonstrate a "palpable defect" in the court's original order denying his motion for relief. Accordingly, plaintiff's motion for reconsideration (docket no. 87) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 22, 2008                                     /s/ Hugh W. Brenneman, Jr.
                                                         HUGH W. BRENNEMAN, JR.
                                                         United States Magistrate Judge