UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEFFREY CARNEY,

                Plaintiff,                Case No. 1:05-CV-252

v.                                              HON. GORDON J. QUIST

JOHN CHRISTIANSEN, et al.,

                Defendants.
_____/

## OPINION

Plaintiff, Jeffrey Carney, filed a § 1983 action against several Defendants. In Count I, he alleges that several prison officials placed restrictions on him that violated his right of access to the courts. In Counts II and III, Carney alleged that Judge Hood and his law clerk, Damien Fisher, denied him access to the courts based on an unconstitutional statute and deprived him of procedural due process in violation of the Fourteenth Amendment. In a previous order, the Court dismissed Counts II and III on the basis of absolute judicial immunity. Because the Court now determines that Carney's access to the courts claim fails to state a claim upon which relief can be granted, the Court will dismiss Carney's lawsuit.

**Facts**

Carney, a prisoner proceeding *in forma pauperis*,[1] claims several prison officials confiscated legal material from him and placed him on restrictions that impeded his right of access to the courts. Carney filed an action in the Michigan Court of Claims seeking to be reimbursed $120 for a coat that

---

[1] Carney filed the action pro se, and the Court recently appointed counsel for him.

was lost during his incarceration at Ionia Correctional Facility. Carney's claim was dismissed because he failed to comply with M.C.L. § 600.5507(2), which required him to state the number of civil actions previously initiated by him. Carney attempted to re-file his suit in Ingham County Circuit Court, but his pleadings were returned because he failed to pay the outstanding fees and costs he incurred in filing his original claim. Carney then filed in Baraga Circuit Court, but this claim was denied for the same reason.

Carney claims that these dismissals occurred because some of the Defendants confiscated his legal materials, wrote him a misconduct ticket, and placed him on permanent library restriction. Additionally, Carney alleges that the library did not contain the entire "600 series" of Michigan Compiled Laws Annotated and that Defendants refused his request to be removed from the law book restriction. Carney argues that because of these restrictions – and the library's failure to keep the relevant statute book – he was not aware of the requirement that he needed to state the number of previous civil actions he had filed. Thus, Carney alleges that as a result of Defendants violating his right of access to the courts, his previous meritorious lawsuit was dismissed.

**Analysis**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a case filed by an indigent prisoner if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune. This provision "is applicable throughout the entire litigation process." *McGorde v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Additionally, this provision controls even if the claimant has since paid a portion of the filing fee. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton*

2

*v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 1733 (1992). A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).

Carney's allegations fail to state a claim upon which relief can be granted because even if his allegations are accepted as true, Defendants did not violate his right of access to the courts. Carney has a "constitutional right of access to the courts." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). "However, the right of access to the courts is not unrestricted and does not mean that an inmate must be afforded unlimited litigation resources." *Thomas v. Rochell*, 47 F.App'x 315, 317 (6th Cir. 2002). To state a claim, the prisoner must show "that he suffered an actual litigation related injury or legal prejudice because of the actions of the defendants." *Id.* However, "not every actual legal injury or prejudice suffered by a prisoner triggers constitutional concerns." *Id.* "[A] prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X*, 175 F.3d at 391. This is because "[i]mpairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 355, 116 S.Ct. 2174, 2182 (1996) (emphasis in original).

Carney does not state a claim upon which relief may be granted because he fails to satisfy the actual injury requirement of an access to the courts claim. Although he does allege that Defendants' actions impaired his lawsuit seeking recovery for a lost coat, this is not the type of claim protected by the right of access to the courts. Because the underlying litigation allegedly impaired by the Defendants was not a direct appeal, habeas corpus application, or a civil rights claim, it is immaterial whether – and to what extent – Defendants impeded Carney's ability to litigate this state

3

claim. *See Thomas*, 47 F.App'x at 317 (state law medical malpractice claim not protected by right of access to the courts); *Taylor v. Carlton*, 1999 WL 1252893, at *2 (6th Cir. 1999) (litigation regarding damage to a television not protected by right of access to the courts). Since Carney fails to allege that Defendants impeded or obstructed a lawsuit protected by the right of access to the courts, his complaint fails to state a claim upon which relief my be granted.

Carney has also filed a motion to amend his complaint a second time. Carney wishes to amend his complaint to add a First Amendment retaliation claim against Defendant Smith and to add two additional defendants to his right of access to the courts claim. This claim was based on an incident occurring on February 6, 2006. Carney filed grievance ICF-06-03-363-28e on March 6, 2006. (Def's Resp. in Opposition to Pl.'s Mot. to Amend Compl., Ex. 1.) This grievance was rejected as untimely because Carney was required to attempt to resolve the issue with the involved staff member within two days, and he was required to submit the grievance within five business days thereafter. (*Id.*) Because Carney did not file his grievance until one month after the incident, his grievance was rejected as untimely. Carney skipped Step II of the appeal process and proceeded directly to Step III. Carney's Step III appeal was denied because his grievance was untimely.

Under Rule 15(a), leave to amend shall be "freely given when justice so requires." In considering whether to grant leave to amend a complaint, the Court should consider "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility. . . ." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). Defendants, arguing that any amendment would be futile because Carney failed to exhaust his administrative remedies, opposed the motion. It is appropriate for the Court to deny leave to

4

amend based on futility if Carney failed to exhaust his administrative remedies respecting the amended complaint. *See Harris v. Errkila*, 48 F.App'x 978, 980 (6th Cir. 2002).

Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 112 S.Ct. 983 (2002). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520, 122 S.Ct. at 986; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Additionally, a plaintiff must fully exhaust his administrative remedies before filing a complaint. Further, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 126 S. Ct. 2378, 2387 (2006). Thus, in order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922 (2007); *Woodford*, 126 S. Ct. at 2386. "Compliance with the prison grievance procedures, therefore, is all that is required by the PLRA to properly exhaust." *Jones*, 127 S. Ct. at 922.

In *Woodford*, the Supreme Court held that the exhaustion requirement was not satisfied when grievances were dismissed because prisoners had missed deadlines set by the grievance policy. 127 S. Ct. at 2386. Under the MDOC Grievance Policy, inmates must first attempt to resolve a problem orally with the staff member involved within two business days of becoming aware of the grievable issue unless prevented by circumstances beyond his or her control. Mich. Dep't. of Corr., Policy Directive 03.02.130, at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ X. A grievance coordinator has discretion to reject a grievance that filed in an untimely manner. *Id.* at ¶ G(4). In this case, Carney's Step I grievance was rejected

5

as untimely by the grievance coordinator because Carney failed to file his grievance within five business days after the attempted oral resolution. The rejection of the grievance was upheld at Step III. Therefore, Carney failed to properly exhaust his administrative remedies. For that reason, amendment would be futile. Moreover, Carney does not explain his undue delay in waiting until November 2, 2007, to amend his complaint based on acts taken on February 6, 2006. As such, the Court will deny Carney leave to file a second amended complaint.

**Conclusion**

Because Carney fails to allege interference with litigation protected by the right of access to the courts, Carney fails to state a claim upon which relief may be granted. Since this is Carney's only remaining claim, his complaint is dismissed. Moreover, the Court will deny Carney leave to amend his complaint on the grounds of futility since Carney failed to exhaust his administrative remedies.

An Order consistent with this Opinion will be filed.


Dated: January 29, 2008             /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                 UNITED STATES DISTRICT JUDGE

6